## LACLAIR AND ANOTHER *v.* REYNOLDS & CO.

### *Practice. Claimant's Costs in Trustee Process.*

Claimants in trustee process before a justice appealed. Cause referred in County Court, and judgment on report for claimants. Exceptions by plaintiffs, and judgment affirmed. No costs were awarded claimants, and none claimed. At a subsequent term, claimants petitioned the Supreme Court to bring the case forward on the docket, revise the record, and make an order as to claimants' costs. *Held*, that as under s. 56, c. 34, Gen. Sts., the awarding of costs to a claimant is matter of discretion, that discretion is to be exercised by the court trying the case, and that, though the case were brought forward, the Supreme Court could make no order as to such costs.

THIS was a petition to this court for the bringing forward of a case on the docket, and the making of certain orders therein.

Laclair et al. *v.* Reynolds & Co.

The petition alleged that on February 10, 1874, S. L. Reynolds and another brought assumpsit against Paul Laclair as principal defendant and John Severance as trustee, returnable before a justice; that Severance appeared before the justice and disclosed, and that the petitioners appeared as claimants; that on trial the justice decided that the petitioners were not entitled to the fund, and adjudged the trustee chargeable; that the petitioners appealed, and entered their appeal at the April Term, 1874, when the case was referred; that at the April Term, 1875, the referee reported that the petitioners were entitled to the fund, and the court rendered judgment thereon accordingly, to which the plaintiffs excepted; that judgment was affirmed by the Supreme Court at the January Term, 1876; that the petitioners, in the prosecution of their claim, which the plaintiffs resisted from the beginning, incurred costs in the justice trial, taxed by the justice at $12, before the referee, taxed at $22.28, paid $30 to the referee, to get his report, incurred further cost in County Court, taxed at $11.34, and in this court, $5.10; that petitioners were entitled to recover the same of the plaintiffs, but that the clerk of this court refused to tax and allow the same, on the ground that no judgment for costs was rendered in this court, as required by Gen. Sts. c. 34, s. 53, and because the record showed none; that the question of costs was not presented for the consideration of the court, because petitioners' counsel were of opinion that the judgment carried costs as of course. *Prayer*, that the cause be brought forward on the docket, the record revised, and such order made as to costs of petitioners and the other parties as justice required. The petitionees answered, alleging that it did not appear by the record that any costs were awarded by the referee, the County Court, or this court, but that it did appear that the petitioners appealed from the clerk's alleged refusal to tax costs, to the presiding judge of said County Court, whose decision was conclusive. . The petitionees also moved to dismiss.

*R. H. Start,* for the petitioners.

*H. Ballard,* for the petitionees.

Laclair et al. *v.* Reynolds & Co.

The opinion of the court was delivered by

REDFIELD, J.   This is a petition to bring forward upon the docket of this court a case finally determined by the same court at a former term.

The petitioners were claimants of a fund attached by trustee process.   The petitioners were cast before the magistrate in their claim; they appealed; the matter was referred to a referee; and on his report the petitioners prevailed in the County Court, and upon exceptions the judgment of the County Court was affirmed in the Supreme Court.   The clerk of the Supreme Court refused to tax costs, because there was no order of court allowing costs.

If this cause was brought forward on this docket, this court could make no order as to costs.   The statute, c. 34, s. 56, provides that " when such claimant is admitted as a party, * * * the court may, *in its discretion*, award costs between him on the one part, and the attaching creditor and the supposed trustee, or either of them, on the other part, as justice and equity may require."   This " discretion" is to be exercised by the court that tried the case.   The Supreme Court sits as a court of error, and can try only such questions as are brought up on the exceptions, and appear on the record.   The judgment, which was affirmed in the Supreme Court, so far as we know, has been executed; and it will be without precedent, to bring a case forward on this docket several years after it has passed into a final judgment, and has been enforced, and reverse the judgment on the exceptions, in which judgment had been affirmed, for the purpose of moving the County Court, composed of different men, to exercise its *discretion* whether costs should be allowed or not.   Costs are the incident of a judgment.   Sometimes they follow as a matter of law; sometimes they may be allowed in the *discretion* of the court.   In the latter case, it is the duty of the counsel claiming costs, to invoke that " discretion" at the time judgment is rendered, or " ever thereafter hold his peace."   The party prevailing recovers his cost in the Supreme Court on exceptions as a matter of right, without any order of the court.

Petition dismissed with costs.